# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JAMES HERBERT AYERS, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO. _____ |
| v. ) | |
| ) | |
| **AGRI STATS, INC., et al.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

### DEFENDANTS WAYNE FARMS LLC AND WAYNE-SANDERSON FARMS LLC'S NOTICE OF REMOVAL

This Notice effectuates the removal of a civil action from the Circuit Court of Bullock County to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, the filing Defendants[1] state as follows:

### PROCEDURAL HISTORY

1. On January 7, 2026, Plaintiff James Herbert Ayers, along with 89 others, filed a Complaint against Defendants Wayne Farms LLC, Wayne-Sanderson Farms LLC, and others, in the Circuit Court of Bullock County. Plaintiffs served Defendants Wayne Farms LLC and Wayne-Sanderson Farms LLC on January 20, 2026.

2. Plaintiffs' Complaint purports to state eight Alabama claims that share this underlying theme: the Defendant chicken processors colluded unlawfully to fix the wages paid to Plaintiffs. Plaintiffs support their theory by claiming Defendants engaged in a data and information-sharing scheme to suppress wages and restrain trade. Despite Plaintiffs' attempt to plead-around federal antitrust law, this is, necessarily and practically, a federal antitrust action dressed-up as an Alabama tort suit. This is not surprising, given that Plaintiffs' Complaint tracks

---

[1] Removal consents of all served Defendants are submitted herewith in Exhibit 3.

a multi-year federal labor antitrust class action in the U.S. District Court for the District of Maryland, *Jien Et Al. v. Perdue Farms, Inc*., No. 1:19-cv-2521-SAG (D. Md.). Indeed, nearly all Plaintiffs opted-out of the *Jien* suit, which made the same basic trade restraint accusations against the same defendants. *See Jien*, ECF No. 1, Complaint ¶ 13 (Aug. 30, 2019) – "The agreements entered by Defendants to fix and depress wages and benefits have unreasonably restrained trade in violation of the Sherman Act, 15 U.S.C. § 1." Because the claims made here are federal antitrust in Alabama tort clothing, this Court has federal question subject matter jurisdiction.

## GROUNDS FOR REMOVAL

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because the action "arises under" the laws of the United States. While Plaintiffs have attempted to plead their claims under Alabama law, recovery depends on proof of federal antitrust law violation – a substantial and disputed issue. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 311 (2005).

4. Plaintiffs' claims are predicated entirely on the allegation that Defendants engaged in conduct that "unlawfully restrained trade" and "artificially suppressed wages." Compl. at 4. Bolstering their allegations, Plaintiffs characterize Defendants' conduct as an orchestrated effort to "eliminate competition for labor by artificially suppressing the compensation" of various poultry workers. *Id*. at 21. Because Plaintiffs' Alabama tort claims "implicate significant federal issues" and cannot be resolved apart from federal antitrust law, this matter is removable based on federal question jurisdiction. *Grable*, 545 U.S. at 312.

5. Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*,

2

568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 315). Here, the myriad claims asserted by Plaintiffs will require the resolution of substantial questions of federal law.

6. For example, Plaintiffs' unjust enrichment claim is supported by the allegation they are "entitled by law to fair compensation." Compl. at 42. "Fair" can only mean "free from collusive wage setting in violation of federal antitrust law" because Alabama is an at-will employment state with no state-level fair wage benchmark beyond the federal minimum wage. *See Harper v. Winston Cnty.*, 892 So. 2d 346 (Ala. 2004).

7. Plaintiffs' negligence claim alleges "Defendants owed a duty of reasonable care to their employees and to the labor market to not engage in conduct that would unlawfully restrain trade and artificially suppress wages and cause damages to the plaintiffs and those similarly situated in this jurisdiction." Compl. at 43. But, to decide whether Defendants breached any such duty, the court must decide if they "unlawfully restrained trade [to] artificially suppress wages." "Under Alabama law, federal antitrust law 'prescribe[s] the terms of unlawful … restraints of trade as they should … be administered in Alabama." *City of Tuscaloosa v. Harcros Chems., Inc*., 158 F.3d 548, 555 n.8 (11th Cir. 1998) (quoting *Ex parte Rice*, 67 So. 2d 825, 829 (Ala. 1953)). Because any purported duty would arise from federal antitrust law, Plaintiffs' negligence claims are governed by federal law. *See PatentFalkner v. Ovum Med., LLC*, 25-cv-90, 2025 WL 2684403, at *3 (S.D. Ala. July 11, 2025), *report and recommendation adopted*, 2025 WL 2684352 (S.D. Ala. Aug. 13, 2025) (federal question jurisdiction because "[b]oth of the Falkners' claims depend on them proving that Defendants are engaging in conduct that infringes upon InnoMed Seven's '274 Patent.").

8. The federal government has a clear interest in the Sherman Act's consistent application to labor markets. Allowing state courts to create a patchwork of inconsistent standards

3

Case 2:26-cv-00092-RAH-SMD    Document 1    Filed 02/11/26    Page 4 of 9

and related employer duties would unduly disrupt the uniform application of federal antitrust policy. Plaintiffs cannot prevail on their negligence claim without resolving substantial questions regarding federal antitrust laws.

9. Plaintiffs' wantonness claim likewise finds its solution only by resolving issues relating to federal antitrust laws. Plaintiffs say Defendants participated in a "fraudulently concealed conspiracy to suppress [] wages" and eliminate "labor market competition." Compl. at 43-44. Again, this claim is predicated on Plaintiffs' assertion that there was a conspiracy to "suppress wages" under the federal antitrust laws. Thus, Plaintiffs cannot prevail on their wantonness claim without resolving substantial questions under federal antitrust laws.

10. Plaintiffs allege that most Defendants operate "throughout the United States" in interstate commerce, precluding reliance on the Alabama antitrust statute, ALA. CODE § 6-5-60, which applies only to *intrastate* activities. *See Archer Daniels Midland Co. v. Seven Up Bottling Co. of Jasper, Inc.*, 746 So. 2d 966, 987-88 (Ala. 1999) (collecting cases); *Abbott Labs. v. Durrett*, 746 So. 2d 316, 339 (Ala. 1999); *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 179 (S.D.N.Y. 1996). Because Defendants engaged in *interstate* commerce, any remedy from an alleged restraint of trade is found in the federal antitrust laws and should be litigated in a federal forum. *See In re NASDAQ*, 929 F. Supp. at 180 (quoting *Wiring Device Antitrust Litig.*, 498 F. Supp. 79, 82 (E.D.N.Y. 1980)).

11. Finally, whether specific industry information exchanges alleged here constitute a "restraint of trade" is a central point of contention in this litigation. Sherman Act application to labor-market data sharing is a matter of intense federal interest.

12. Resolution of this issue may influence national commerce and federal antitrust enforcement, satisfying the "substantiality" requirement under *Gunn v. Minton*, 568 U.S. 251

4

(2013). Courts around the country have found that state causes of action presented "substantial" federal questions where, as here, the state claims turned on whether the defendant violated a federal antitrust statute. *See, e.g.*, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005) (New Jersey contract breach, statutory and unjust enrichment claims turned on alleged violation of 47 U.S.C. § 543(d)); *Rosenman v. Facebook, Inc.*, 2021 WL 3829549, at *4-6 (N.D. Cal. Aug. 27, 2021) (refusing to remand California Unfair Competition Law claim premised on alleged violation of federal antitrust law); *see also Willschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (finding federal question jurisdiction because "dependence on federal [food and drug] law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law.")

13. The Eleventh Circuit assesses the *Grable* substantiality prong based on three factors:

> First, a pure question of law is more likely to be a substantial federal question. Second, a question that will control many other cases is more likely to be a substantial federal question. Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.

*AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025) (citation omitted). These factors, on balance, support federal question jurisdiction here.

14. As a preliminary matter, rejecting the Complaint's premise – that any alleged information sharing was an unlawful trade restraint – presents a "pure question of law." *See id.* at 1254; *supra*, ¶ 12. But even to the extent that the Complaint rests on fact disputes, the remaining factors weigh heavily in favor of federal question jurisdiction.

15. First, resolving the federal antitrust issues presented here will affect other cases, starting with pending sister suits – *Adams et al. v. Agri Stats, Inc., et al.*, 06-cv-2025-900048 (Barbour County Cir. Court), which was also removed to this Court and numbered 2:26-cv-00050-

CWB; *Anglin et al. v. Agri Stats, Inc., et al.*, 06-cv-2025-900049 (Barbour County Cir. Court), which was also removed to this Court and numbered 2:26-cv-00055-BL-JTA – and others yet to be filed. Thousands opted-out of the *Jien* class action. *See Jien et al. v. Perdue Farms, Inc. et al.*, No. 1:19-cv-2521-SAG, D.E. 1006-16 (D. Md.) (opt-out list). A federal court should judge the federal antitrust issues that will determine the rights of these federal antitrust class action opt-outs.

16. Second, the Supreme Court has observed that the federal government has a strong interest in federal antitrust issues being decided in federal courts: "The federal interest in enforcing the national policy [of the Sherman Act] in favor of competition is both familiar and substantial." *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110 (1980). "[A]llowing state courts to resolve" cases like this would "undermine the development of a uniform body of" antitrust law. *Gunn*, 568 U.S. at 261 (internal quotation marks omitted).

17. Exercising jurisdiction here is consistent with the Congressionally approved balance of judicial responsibilities. Because the core of the dispute involves federal issues, i.e., antitrust policy and uniform application of the Sherman Act, federal courts are the appropriate forum. *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000).

## REMOVAL IS TIMELY AND PROPER

18. All of the records and proceedings from this action in state court are attached hereto as Exhibit 1. Wayne Farms LLC and Wayne-Sanderson Farms LLC were served with the Summons and Complaint on January 20, 2026. (*See* Ex. 2). Others were served on January 14, 20, 21, 26, 2026. Therefore, this Notice is timely filed within thirty (30) days of receipt of the Summons and Complaint in accordance with 28 U.S.C § 1446(b)(1).

19. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, has been filed with the Clerk of

the Circuit Court and served upon Plaintiff pursuant to 28 U.S.C § 1446(d). Accordingly, under 28 U.S.C. §§ 1331, 1441, and 1446, this action is properly removed to this Court.

20. As evidenced by the attached consent forms, all named Defendants consent to this removal as necessary under 28 U.S.C. § 1446(b). (*See* Ex. 3).[2]

21. By filing this Notice, Defendants appear for the sole purpose of removing the cause to this Court. Defendants do not waive any defenses, including but not limited to, any defenses under Fed. R. Civ. P. 12. *See Clark v. Wells*, 203 U.S. 164, 171 (1906).

22. Prior to filing this Notice of Removal, Defendants did not answer or otherwise respond to Plaintiffs' Circuit Court Complaint. Defendants will answer or present other defenses and objections in accordance with the Court's order and Fed. R. Civ. P. 81(c)(2).

23. For these reasons, Defendants remove this action from the Circuit Court of Bullock County to the United States District Court for the Middle District of Alabama, Northern Division.

**WHEREFORE**, Defendants remove this action now pending in the Circuit Court of Bullock County, to the United States District Court for the Middle District of Alabama, Northern Division.

Date: February 11, 2026.

Respectfully submitted,

*s/ John G. Smith*
John G. Smith (ASB-8146-T68J)
**BALCH & BINGHAM LLP**
445 Dexter Avenue, Suite 8000
Montgomery, AL 36104
Telephone: (334) 834-6500
Facsimile: (866) 830-1504
Email: jgsmith@balch.com

---

[2] Named Defendants Cargill Meat Solutions, Inc. and Continental Grain Company have been dismissed from this action pursuant to Ala. R. Civ. P. 41(a)(1). *See* Ex. 1, State Court Doc. 6.

R. Pepper Crutcher, Jr (ASB-1232-I20Z)
**BALCH & BINGHAM LLP**
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 965-8158
Facsimile: (601) 961-4466
Email: pcrutcher@balch.com

Chuck Burkhart (ASB-7825-T76C)
Jack Surber (ASB-2080-T149)
**BALCH & BINGHAM LLP**
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
Email: cburkhart@balch.com
Email: jsurber@balch.com

*Attorneys for Wayne Farms LLC*
*and Wayne-Sanderson Farms LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically this the 11th day of February, 2026:

Christina D. Crow
C. Elizabeth Littell
Kijana Mitchell
**JINKS CROW, PC**
219 North Prairie Street
Union Springs, AL 36089
Email: christy.crow@jinkscrow.com
Email: lisa.littell@jinkscrow.com
Email: kijana.mitchell@jinkscrow.com

                                                                                    *s/ John G. Smith*
                                                                                    John G. Smith