IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES HERBERT AYERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00092-RAH |
| | ) | |
| AGRI STATS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### **INTRODUCTION**

This matter is before the Court on Plaintiffs' *Motion to Remand*. (Doc. 50.) Plaintiffs argue this action must be remanded because the Court is without subject matter jurisdiction as the Complaint alleges only state-law tort claims and complete diversity is absent. Defendants argue that federal jurisdiction exists because Plaintiffs' state-law tort claims necessarily raise substantial federal questions. After careful consideration, the Court concludes that the motion is due to be granted.

### **BACKGROUND**

Plaintiffs are current and former employees of chicken processing facilities owned by Defendants. Plaintiffs allege that Defendants engaged in a wage-fixing scheme by collecting and sharing wage data. According to the Complaint, Defendant Agri Stats, Inc. ("Agri Stats") collected and distributed non-public, confidential, and proprietary wage data among Defendants on a monthly basis which ultimately resulted in the suppression of Plaintiffs' wages.

Plaintiffs originally filed suit in the Circuit Court of Bullock County, Alabama and asserted Alabama state-law tort claims for fraud and fraudulent concealment,

unjust enrichment, negligence, wantonness, civil conspiracy, outrage, intentional interference with a business relationship, and vicarious liability. Defendants Wayne Farms, LLC and Wayne-Sanderson Farms, LLC later removed the action to this Court, asserting federal question jurisdiction, where it is now subject to Plaintiffs' *Motion to Remand*.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), an action that was originally filed in state court may be removed by a defendant to federal court only if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over two types of cases: those that "arise under federal law"— federal question cases—and those "in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties"—diversity cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citing 28 U.S.C. §§ 1331, 1332(a)). The removing party bears the burden of showing that removal is proper under federal question or diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Defendants invoked federal question jurisdiction as the basis for removal. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A civil action "arises under" federal law if the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

2

law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). "That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key to 'arising under' jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("If the [well-pleaded] complaint presents no federal question, a federal court may not hear the suit."). The principal effect of the well-pleaded complaint rule is to "make[] the plaintiff the master of the claim," meaning that—subject to certain exceptions—plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

Federal question jurisdiction most typically arises "when federal law creates the cause of action asserted." *Royal Canin U.S.A., Inc.*, 604 U.S. at 26 (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). But a federal cause of action is not the only way to invoke federal question jurisdiction. When a plaintiff pleads only state-law causes of action, federal jurisdiction may nonetheless exist over claims that "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This is a rare exception, *Royal Canin U.S.A., Inc.*, 604 U.S. at 26, and it is rooted in the "commonsense notion that a federal court [should] be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law," *Grable*, 545 U.S. at 312.

In determining whether a state-law claim confers federal question jurisdiction, the Supreme Court has articulated a four-factor test: the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four elements must be met for federal jurisdiction to exist. *See AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025).

## DISCUSSION

In the Complaint, Plaintiffs assert only state-law tort claims. Since the parties do not dispute that diversity jurisdiction is absent, the only question is whether Plaintiffs' claims fit within that "special and small category" of cases asserting state-law claims that implicate "substantial" federal questions sufficient to confer federal question jurisdiction. Applying the *Grable-Gunn* test here, the Court concludes that Plaintiffs' claims do not meet that test, particularly the third *Grable–Gunn* factor: the substantiality requirement. Because the Court finds that any federal question arguably raised is not substantial, the Court will not address the other three *Grable-Gunn* factors. *See AST & Sci. LLC*, 143 F.4th at 1249.

The substantiality inquiry under *Grable* "isn't about whether 'the federal issue [is] significant to the particular parties in the immediate suit'—as it often is—but is 'instead [about] the importance of the issue to the federal system as a whole.'" *AST & Sci. LLC*, 143 F.4th at 1253 (quoting *Gunn*, 568 U.S. at 260). A state-law claim does not raise a substantial federal question simply because it requires the interpretation of federal law. *Madzimoyo v. The Bank of N.Y. Mellon Trust Co., N.A.*, 440 F. App'x 728, 730 (11th Cir. 2011). Three factors are considered in deciding whether a federal question is substantial:

> First, a pure question of law is more likely to be a substantial federal question. Second, a question that will control many other cases is more likely to be a substantial federal question. Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.

*AST & Sci. LLC*, 143 F.4th at 1253 (quoting *MDS (Can.) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013) (per curiam)). By contrast, a federal issue presenting a "fact-bound and situation specific" question is less likely to be substantial. *Empire Healthchoice Assur., Inc.*, 547 U.S. at 700–01.

The federal issue arguably underlying Plaintiffs' state-law claims is whether the information-sharing arrangement among Defendants amounted to a violation of the Sherman Antitrust Act of 1890, 15 U.S.C. §§ 1–7. Defendants argue that a violation of federal antitrust law is the only way Plaintiffs can establish the requisite duty and breach elements of their negligence claim, the unlawful agreement or unlawful objective element of their civil conspiracy claim, and the outrageous conduct element of their outrage claim. *See Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001) (stating elements of negligence claim); *Callens v. Jefferson Cnty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000) (stating elements of civil conspiracy claim); *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (stating elements of outrage claim). Defendants state that existing Alabama law does not otherwise provide a basis for establishing those elements based on the Complaint allegations.

Here, assuming Plaintiffs' claims "necessarily" raise a disputed federal question under the Sherman Antitrust Act, any federal question is not "substantial" for several reasons.

As to the first substantiality factor, the federal question arguably at issue here is a highly fact-bound inquiry, not a purely legal one. According to Defendants, Plaintiffs must prove a violation of the Sherman Antitrust Act to establish necessary elements of their state-law claims. To prove a violation of § 1 of the Act, Plaintiffs must establish that Defendants unreasonably restrained trade under a per se rule of illegality or a rule of reason analysis. *In re Pork Antitrust Litig.*, 781 F. Supp. 3d 758, 791–874 (D. Minn. 2025) (denying summary judgment motion over both per se and rule of reason violations for alleged price-fixing involving Agri Stats). Either type of § 1 claim would require a context-specific inquiry. Should Plaintiffs rely on a rule of reason violation, it would require the Court to "conduct a fact-specific assessment of market power and market structure . . . to assess the restraint's actual

effect on competition." *Ohio v. Am. Express Co.*, 585 U.S. 529, 541 (2018). Such a "context-intensive inquiry is 'poles apart'" from the purely legal issues that the Supreme Court has held to be substantial. *AST & Sci. LLC*, 143 F.4th at 1254; *Grable*, 545 U.S. at 315 (explaining that the federal question is purely legal because the only issue is whether the IRS complied with its federal statutory notice obligations). Even if Plaintiffs relied on a per se violation, the Court would still have to conduct an inquiry on the existence of and membership in the alleged conspiracy. *See In re Pork Antitrust Litig.*, 781 F. Supp. 3d at 791–867; *see also Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298–1320 (11th Cir. 2003) (reviewing summary judgment standard in price-fixing context). Thus, this factor does not support a finding of substantiality.

For a similar reason, the second substantiality factor also weighs against a finding of substantiality. In particular, there is no indication that resolving Plaintiffs' context-specific claims would yield an interpretation of federal law that would be "controlling in numerous other cases." *Empire Healthchoice Assur., Inc.*, 547 U.S. at 700. Rather, it implicates only the legal rights of the parties to this litigation, particularly the Plaintiffs who all resided and worked in Alabama with their employers. In fact, Alabama has its own statutory body of antitrust laws, thereby strongly suggesting that antitrust-related conduct in general is not exclusively federal in nature. *See* Ala. Code. § 6-5-60 (prohibiting unlawful trusts, combines, or monopolies); *Abbott Laboratories v. Durrett*, 746 So. 2d 1999 (Ala. 1999).

But even if Defendants are found to have violated duties flowing from the Sherman Antitrust Act, other necessary state-law issues would remain and might be dispositive—such as, for example, whether Plaintiffs' alleged harm was foreseeably caused by Defendants' conduct. *See Meyer v. Health Mgt. Assoc., Inc.*, 841 F. Supp. 2d 1262, 1270 (S.D. Fla. 2012) (finding lack of substantiality where federal question did not present a "context-free" issue of federal law); *see also AST & Sci. LLC*, 143

6

F.4th at 1254; *Adventure Outdoors*, *Inc. v. Bloomberg*, 552 F.3d 1290, 1300 (2008); *Cooper v. Int'l Paper Co.*, 912 F. Supp. 2d 1307, 1314–17 (S.D. Ala. 2012). This case does not solely implicate any federal policies, and it does not challenge the validity of a federal law, rule, or regulation. *See Get Fit Fast Supplements, LLC v. Richpianauncensored.com, LLC*, 393 F. Supp. 3d 1136, 1140 (S.D. Fla. 2019). In any event, the state court's resolution of the matter will not be binding on federal courts addressing similar issues. *See Adventure Outdoors, Inc.*, 552 F.3d at 1301 ("[T]he state court interpretation of the [federal] statutes will not be controlling in numerous other cases because it will not have precedential effect in the federal system.").

As to the third substantiality factor, "the government has no strong interest in having cases like this litigated and adjudicated in a federal forum." *AST & Sci. LLC*, 143 F.4th at 1254. Unlike in *Grable*, this matter implicates no federal actor, such as a governmental agency. *Id.* at 1254–55; *Meyer*, 841 F. Supp. 2d at 1269–70. A case between private parties for money damages—such as this one—does not ordinarily implicate the type of strong government interest necessitating the availability of a federal forum. *Cf. Grable*, 545 U.S. at 315 (emphasizing the importance of a federal forum to address the adequacy of IRS notice under federal law); *see also West v. Drago*, No. 3:25-cv-616-MMH, 2025 WL 2670984, at *4 (M.D. Fla. Sep. 18, 2025).

Lastly, allowing a state court to decide a case like this will not undermine the development of a "uniform body" of antitrust law. *Gunn*, 568 U.S. at 261 (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)). Disputes raising claims directly under the Sherman Antitrust Act will continue to be heard in federal court, as federal courts retain exclusive jurisdiction over such claims. 15 U.S.C. § 4 ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of [the Sherman Antitrust Act]."); *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 n.6 (1943); *see also AST Sci. LLC*,

143 F.4th at 1255; *Tafflin v. Levitt*, 493 U.S. 455, 465 (1990) (holding that state court adjudication of RICO claims "will not, in any event, result in any more inconsistency than that which a multimembered, multi–tiered federal judicial system already creates"). Moreover, any concern that the arguable federal questions raised in the Complaint will otherwise avoid federal review is belied by the existence of several cases in federal court raising similar claims under the Sherman Antitrust Act, *see, e.g.*, *In re Pork Antitrust Litig.*, 781 F. Supp. 3d at 791, including the original class action case from which Plaintiffs opted out, *see Jien v. Perdue Farms, Inc.*, No. 1:19-cv-2521-ELH (D. Md. Mar. 10, 2026).

Because Plaintiffs' Complaint does not raise a substantial federal question, this case is due to be remanded to state court.[1] 28 U.S.C. § 1447(c).

* * *

Plaintiffs request an award of attorney's fees and costs incurred in this removed action. When a court remands a case due to improper removal, the court may award the plaintiff attorney's fees and costs. 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* The reasonableness standard balances "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic

---

[1] While the Court concludes that Plaintiffs' claims do not sufficiently raise substantial federal issues, this does not mean that Plaintiffs' wage suppression theory is viable under their asserted state-law theories either.

8

decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Plaintiffs argue they should be awarded attorney's fees and costs because Defendants' arguments for removal rest on "expansive interpretations of the prevailing case law that courts repeatedly reject." (Doc. 23 at 24.) The Court disagrees.

Although this removal ultimately was not successful, the Court does not conclude that Defendants lacked an objectively reasonable basis for their removal attempt. Defendants' arguments have been made in good faith based on the particular facts and circumstances at issue. Therefore, Plaintiffs' request for attorney's fees and costs is due to be denied.

## CONCLUSION

Because the Complaint does not necessarily raise a substantial question of federal law, the Court lacks subject matter jurisdiction over this matter. "[A]s the Supreme Court explained in *Grable*, the federal courts have rejected the 'expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door.'" *Adventure Outdoors, Inc.*, 552 F.3d at 1300 (quoting *Grable*, 545 U.S. at 313). Importantly, "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004).

Accordingly, it is **ORDERED** as follows:

(1) Plaintiffs' *Motion to Remand* (doc. 50) is **GRANTED** to the extent Plaintiffs seek remand of this action;

(2) Plaintiffs' *Motion to Remand* (doc. 50) is **DENIED** to the extent Plaintiffs seek attorney's fees and costs; and

(3) This action is **REMANDED** to the Circuit Court of Bullock County, Alabama.

**DONE** and **ORDERED** on this the 21st day of May 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE